**USHODAYA ENTERPRISES, LTD., Plaintiff,**

v.

**V.R.S. INTERNATIONAL, INC. and A. Vasudevan, Defendants.**

**No. 97 CIV. 1315(MGC).**

United States District Court, S.D. New York.

Oct. 20, 1999.

Leonard N. Shapiro, Robert J. Shapiro, Leonard & Robert Shapiro, New York City, for Plaintiff.

Daniel S. Gluck, Londa & Traub, LLP, New York City, for Defendants.

*MEMORANDUM OPINION*

CEDARBAUM, District Judge.

In an opinion dated August 13, 1999 following a bench trial (the "Opinion"), I found that defendants fraudulently procured trademark registrations from the United States Patent and Trademark Office which caused the United States Customs Service to issue a notice of detention of plaintiff's goods and damaged plaintiff in the amount of $82,000. I also found that defendants infringed the copyright in one of plaintiff's labels. Plaintiff was given the opportunity to submit legal authority in support of its application for attorney's fees and to quantify the damage to plaintiff caused by defendants' infringe-

---

ment of the copyright in one of its labels. Plaintiff's submission was received on September 13, 1999. Defendants have not submitted any opposition.

Plaintiff has not identified any evidence at trial showing what damages it sustained as a result of defendants' copyright infringement. It has not otherwise identified a basis in the trial record for calculating damages for the copyright infringement consisting of defendants' use of the label on bottle number two.

Plaintiff has instead requested statutory damages of $100,000 under 17 U.S.C. § 504. That statute provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages . . . in a sum of not less than $500 or more than $20,000 as the court considers just." 17 U.S.C. § 504(c)(1). The statute also provides that "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $100,-000." 17 U.S.C. § 504(c)(2).

Section 412 of title 17, entitled "Registration as prerequisite to certain remedies for infringement," limits the availability of statutory damages and attorney's fees. It provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for . . . any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Statutory damages may not be awarded even if infringement, commenced before registration, continues after registration. *Innovative Networks, Inc. v. Young,* 978 F.Supp. 167, 175 (S.D.N.Y.1997), *aff'd without opinion,* 152 F.3d 918, 1998 WL 352964 (2d Cir.1998). Plaintiff bears the burden of demonstrating that it complies with the prerequisite of section 412. *Data General*

*Corp. v. Grumman Sys. Support Corp.,* 825 F.Supp. 361, 364 (D.Mass.1993).

In this case, the effective date of the registration of plaintiff's copyright is August 19, 1996. (Pl.Ex. 44.) In its application, plaintiff represented that the date of first publication was March 1, 1989. (*Id.*)

At trial, plaintiff proffered several different labels that defendant V.R.S. International, Inc. had used on pickle bottles following the termination of the distribution agreement with plaintiff in 1992. As held in the Opinion, only the label on bottle number two infringed plaintiff's copyright. Plaintiff did not proffer evidence showing the date on which bottle number two was distributed. The two witnesses who testified about the various bottles, Bharat Joshi of Indian Groceries & Spices, Inc. and defendant Aramudh Vasudevan, did not provide any testimony relevant to this issue.

■ Plaintiff does not point to evidence showing that the infringing use commenced after August 19, 1996, the effective date of the copyright registration, and evidence in the record suggests that the infringing use commenced prior to that date. Registration was not made within three months after the first publication of the work. Accordingly, because plaintiff has not satisfied the prerequisite to recovery under 17 U.S.C. § 412, plaintiff's application for statutory damages under 17 U.S.C. § 504 must be denied.

For the same reason, plaintiff's application for attorney's fees under 17 U.S.C. § 505 must also be denied. Plaintiff has identified no other basis for the award of attorney's fees.

■ Plaintiff also seeks punitive damages. Plaintiff cites no statutory basis in support of its application. It cites only cases decided under state law and 42 U.S.C. § 1983, as well as one case under the Consumer Product Safety Act. Plaintiff is not entitled to treble damages under 15 U.S.C. § 1117 because it did not sustain its claim of trademark infringement. In light

of the fact that plaintiff has provided no legal basis in support of its application for punitive damages, that application is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's application for statutory damages and attorney's fees under title 17 and its application for punitive damages are denied. In accordance with the Opinion of August 13, 1999 and this Memorandum Opinion, the Clerk is directed to enter judgment for the plaintiff (1) in the amount of $82,000 together with interest from October 26, 1998 and the costs of this action, (2) directing the United States Patent and Trademark Office to cancel VRS's two registrations for the "Priya" mark (Reg. No. 1,936,261, registered November 21, 1995, and Reg. No. 1,986,550, registered July 16, 1996), and (3) directing the United States Customs Service to vacate its order prohibiting the importation of plaintiff's "Priya" pickles.

SO ORDERED.