USHODAYA ENTERPRISES,
LTD., Plaintiff–Counter–
Defendant–Appellee,

v.

V.R.S. INTERNATIONAL, INC. and A.
Vasudevan, Defendants–Counter–
Claimants–Appellants.

No. 00–7574.

United States Court of Appeals,
Second Circuit.

Jan. 22, 2001.

Brian L. Wamsley, Herold and Haines, P.A., Warren, NJ, for appellant.

Leonard N. Shapiro, Law Offices of Leonard & Robert Shapiro, New York, NY, for appellee.

Present Van GRAAFEILAND, WINTER and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from the judgments of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgments of the district court are AFFIRMED.

Defendants-appellants V.R.S. International, Inc. ("V.R.S.") and V.R.S. president Aramudh Vasudevan appeal from a judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, *Judge*) entered October 26, 1999 that, among other things, ordered the cancellation of two trademark registrations obtained by V.R.S. and the payment by defendants-appellants of $82,000 plus interest in compensatory damages to plaintiff-appellee Ushodaya Enterprises, Ltd. ("Ushodaya"), and also appeal from a subsequent judgment entered April 20, 2000 that denied V.R.S.'s motion to reduce the amount of that damage award. The October 1999 judgment ordered the trademark registrations canceled based on the district court's finding that V.R.S. had made fraudulent representations to the United States Patent and Trademark Office during the application process for those registrations.

For substantially the reasons set forth by the district court in its opinions issued in connection with the above judgments, we affirm both judgments. *See Ushodaya Enterprises, Ltd. v. V.R.S. Int'l, Inc.*, No. 97 CIV. 1315(MGC), 2000 WL 423530 (S.D.N.Y. April 19, 2000); 64 F.Supp.2d 352 (S.D.N.Y.1999); 63 F.Supp.2d 329 (S.D.N.Y.1999). In addition, because Ushodaya failed to file a Notice of Cross Appeal, we do not consider its request for this Court to decide whether Ushodaya should have been awarded additional damages. *See International Ore & Fertilizer Corp. v. SGS Control Services, Inc.*, 38 F.3d 1279, 1286 (2d Cir.1994) ("Although an appellee who has not cross-appealed may urge alternative grounds for affirmance [of the judgment], it may not seek to enlarge its rights under the judgment by enlarging the amount of damages or scope of equitable relief.").

We have considered defendants-appellants' remaining arguments and find them to be without merit. For the reasons set forth above, the judgments of the district court are hereby AFFIRMED.